LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Otis Williams

v.

John Johnson et al.

October 10, 1967

Case No. A-9760

By JUDGE ALEX H. SANDS, JR.

Plaintiff sustained injuries when a vehicle operated by him was in collision with a vehicle owned by defendant J. B. Eurell Co. and operated at the time by John Johnson, on November 5, 1966. Plaintiff testified that the extent of his injuries, as known to him immediately after the collision, was a bump on the head and what he describes as a "shaking up."

Plaintiff returned to work on November 14 and when he was lifting a steel bar in the process of loading a truck he experienced a sharp pain in his back and upon consulting Dr. Thomas Beath his back condition was diagnosed as a contusion and sprain of the back. Plaintiff testified that he had experienced no pain in his back at the time of the accident, or at any other time prior to his loading experience on November 14.

Two or three days after the collision a representative of the insurance carrier visited plaintiff's sister in an attempt to settle the property damage and meeting plaintiff at the time inquired whether he had sustained any injury, to which plaintiff replied that he had been "bumped on the head and shaken up a

little". He stated he had not visited a doctor and when asked whether he would accept $10.00 in settlement of his claim he agreed and executed a release therefor.

To the notice of motion defendants have filed a plea of release.

Plaintiff, relying upon Seaboard Ice Co. v. Lee, 199 Va. 243 (1957) (cf. Corbett v. Bonney, 202 Va. 933 (1961)), contends that the parties were, at the time of the execution of the release, laboring under a mutual mistake of fact, (i.e. that neither contemplated the existence of a back condition brought on by the accident) and that, therefore, the release should be set aside. This position of plaintiff might or might not be sound if we should reach the point where it could be considered. But for the issue of mistake to come into play at all, there must be some evidence of some character upon which causal relationship between the injury claimed and the accident could be predicated.

Turning to the evidence in the instant case, plaintiff testifies frankly that he had no intimation that his back had been injured either at the time of the accident or during the eight day interval between the accident and the date on which he returned to work. He further states that the back pain had its onset at the time that he was lifting a steel bar. There is not a suggestion in either of the medical reports offered in evidence by plaintiff which would support a finding based upon causal connection between the back condition and the accident.

Plaintiff could easily have subpoenaed the two doctors who could have been examined as to this issue and who would then have been subject to cross examination by defendants. Since there is no evidence of any causal relationship between the injury to plaintiff's back and the accident in question, defendants' plea of release will be sustained.